Good morning, your honors. May it please the court, I'd like to reserve five minutes for rebuttal. All right. Tom Conway, I represent the appellant Michael Hasan. Basically, my two arguments as to why the aggravated robbery statute 2911.01A1 is not an appropriate predicate offense for the Armed Career Criminal Act. The first argument is that the aggravated robbery statute, that specific subsection does not include use of force with regard to the two elements of indicate and display. The statute puts forth a disjunctive series of elements that include the elements of display the weapon, brandish the weapon, indicate the offender possesses a weapon or uses the weapon. Aren't those all methods by which the deadly weapon element is defined? Isn't it a singular element, the deadly weapon element, and then you define it in different ways? No, I would argue, your honor, that it's an weapon. No, the deadly weapon could be broken down into different alternative means. It could be a knife, it could be a baseball bat, it could be a construction hammer. All to satisfy one element because there's only one enhanced punishment. Correct. I think the way we need to be on the same linguistic page so that we know that we're talking about elements. To fit within your argument. It is a singular, if I'm understanding it, it is a singular element because the only way you get the enhanced sentence is by satisfying the deadly weapon element. By one of the various ways in which the statute says you can do it. Okay. I don't think it makes a difference in what my analysis is. It might make a difference in whether you could do a modified categorical approach. Okay. You're correct. Absolutely, that would make a difference. I think at the district court level, what I was arguing to Judge Loy was that even a modified categorical analysis, you still have the same result here. Because the linchpin of my whole argument is that the statute, whether you characterize that disjunctive list as either elements or as different alternative manners of hitting that element, it's overly broad. My argument all along has been that two of those ways that fulfill that part of the statute, the indicate or the display, can be committed without the actor engaging in conduct that the brandish and the actual use of the weapon. I'm not making arguments as to those. I tried and maybe poorly wrote my brief in that every time I wanted to use indicate, I should have put quotation marks or display. But those two elements or manners are what are overly broad with the statute. Because a person, as I put forward in a couple of different examples, can technically and realistically, because I've seen cases in which people get indicted for things that you can prove under the law, those, a person could be very easily found guilty of aggravated robbery under this subsection without having, during the indication or display of that weapon, threatened the use of force, used force or attempted to use force. I'm having a little bit of, I'm struggling with the notion that displaying a weapon or letting someone know you have it. I mean, why would you ever do either of those things if you weren't seeking to threaten the use of force? I'm a little, I mean, I'm just puzzled as a practical matter about how that can be. All right. And I struggled with whether I should have started my analysis with the mens rea argument or with the argument that I have. Because the mens rea argument dovetails with your very question. Especially in Ohio, which is an open carry state, as well as the right to carry concealed weapon, there can be individuals who are actually carrying guns around, and it could be by the same token a construction worker with a knife, somebody with a hammer, a softball player with a baseball bat in his backpack. They're carrying around what under Ohio law would be deadly weapons. But they're not committing a theft or attempting to commit a theft at the same time. Well, the examples I gave do have the individual who has the right to carry the gun, or not the right, but is not intending that the gun be used to further the theft. As I pointed out, if you have an individual at a gun club, for instance, trap shooting, skeet something, he's walking around with a gun in his hand. He steals. He's committed a theft offense. He's displaying or... You're talking about shoplifting. You're not talking about taking into account all the circumstances that there's threatening behavior or the potential of threatening behaviors when he's aggressively demanding from an individual that they turn over something of value, and he's got the gun on display in connection with that. That's different from shoplifting where they're... I agree with that. What my point in using these examples is to show that the statute can be committed in a way that makes it overly broad to the ACCA use of force. Why in the world, if you were attempting to commit a theft or committing a theft, why in the world would you say, and by the way, I've got a gun, other than you intended to threaten the use of force? Well, you can... I mean, obviously people can disagree with my examples, but I did not put in there the fact that a lot of times, and you see this all the time, somebody will be charged with a weapons offense for wearing a knife. All right? That is a deadly weapon. If they commit any kind of theft offense with that weapon on them, whether they forgot about it or not, that's an aggravated robbery, and yet it has been displayed. The person is I will grant most of the aggravated robberies you see and that are indicted and that end up in a court system involves someone using the weapon in a way that they're brandishing it, or they're using it to facilitate the commission of the offense, without a doubt. And in fact, if a person in a particular case, it was shown that the person used the weapon and had the mens rea to use it as well, that would, okay, be the type of predicate that you would want for the ACCA. I guess for me, analytically, it's easier to start with the mens rea. Okay. Oh, I'm not telling you to do that. I'm just reflecting out loud because it seems to me that where we run into the most problem with the government's position is when we get to the point that there's no mens rea requirement for the part of the statute that we're currently talking about, and so it's the Ohio Supreme Court has told us it's strict liability. So I don't know. I can debate it on which prong to start with, and obviously I probably should have started with the mens rea, but the mens rea I think is even an easier argument to make, but I still think it makes... You're out of time, unless you want to use some of your rebuttal time here. I would like to use a minute just so I can hit on, is that okay to amend? Okay. The mens rea, as you pointed out, aggravated robbery, the part of the statute that is the triggering part for the ACCA is strict liability. There is absolutely no doubt about that. That is the case law in Ohio, and as such, that alone disqualifies aggravated robbery under this particular subsection from ever being a proper predicate under the ACCA. And it also plays into my first argument, but on its own, it's strict liability and there's absolutely no mens rea or intent, knowledge, anything required and the case law is clear that you cannot rely upon an offense that has no mens rea or at least something above reckless in order to trigger the ACCA. Thank you. Thank you. Good morning, your honors. My name is Carmen Henderson, and I am an assistant United States attorney with the Northern District of Ohio Eastern Division, and I represent the appellee, the United States of America. Your honors should affirm the district court sentence of Hassan because Ohio aggravated robbery is a violent felony under the forced clause of the Armed Career Criminal Act. Since your honors have gone to the mens rea element, I will start there. When dealing with the mens rea, your honors are correct that we have cited the Ohio Supreme Court decision in Tolliver, which talks about the mens rea and talks about how it incorporates the theft mens rea. There, the court was strictly looking at whether or not there was a mens rea for aggravated robbery, and there they said because there was a mens rea of theft of knowingly and purposeful, it there went on to say that it could be strict liability and the rest. That is not our argument, your honors. Our argument today would be that theft does incorporate a mens rea, but additionally, your honors, these words that we're talking about, display, brandish, all of these words connotate action, and they are more than mere possession, and therefore, these words incorporate a mens rea because if these words were simply more mere possession, your honors, then this would be the same as A2 aggravated robbery, which A2 aggravated person. It does not go forward to then say that they must display it, brandish it, or any of those things, and we believe, your honors, that with the addition of those actions, there is a mens rea there and that those words connotate action. Additionally, your honors, if you were to look at the statute... Let me ask you then about a later prong in the aggravated robbery statute, which is A3 that reads inflict or attempt to inflict serious physical harm on another. Why would you need to interpret part one to include physical force when part three clearly does? Doesn't your argument make part three just extraneous? No, your honors. Part one looks at also having physical force, but has a threat of physical force with a deadly weapon, versus part three doesn't require any type of deadly weapon or ordinance. It just says that you have to inflict harm. Or attempt. Right, but it doesn't ask for a deadly weapon, so that's what separates the two. Whereas part two requires a deadly weapon, part three does not. I'm having trouble. The argument you made about mens rea makes some common sense to me, but I'm struggling with Ohio cases like Lester, which just say in your face that there's no mens rea requirement for that part of the statute. I don't know how we get from no mens rea requirement to the cutting off point that I understand the ACCA to set. I think that is troubling, your honor. However, in those courts they were strictly looking at whether there was a mens rea period. What those were looking at was that because theft was incorporated and that theft had a mens rea, that the other part could be strict liability. It's that part we're looking at, the one that doesn't have a mens rea requirement. Correct, your honors. We would believe that those words incorporate a mens rea. If your honors were to look at United States ... Lester tells us it the words necessarily encompass a mens rea requirement, but they didn't say that. They said there's not one. They said strict liability. That's correct, your honors. However, that court was looking at whether it needed one, and what that court basically was saying is that because theft had a mens rea, it didn't need to go on and find a mens rea in those courts. I don't think so. This is ... We conclude that the statute imposes strict liability for that element, period. That's Lester. I don't find anything about we don't need to decide that or we don't need to consider it because those words imply. I just don't think Ohio law lets us go about it any other way. Your honor, Ohio law, they did decline to require proof of a mental state in that element because there was theft. However, just because they declined to say you had to prove a mental state, I don't believe, your honors, means that it isn't there. If we were to look at ... I'm sorry, your honor? How can you have it both ways? When I'm trying to prosecute somebody on it, I don't have to prove it, but when it turns around and I want to use it for the ACCA purposes, I get to assume it. I don't think we get to do that. I don't think you get to have it both ways. We've looked to state law to interpret all these statutes. We're not creating federal law about what the state offense is. You accept that, don't you? Yes, your honor. Yes, your honor, I do. Your honors, if we were to actually look at United States de Glosso, which is the Tennessee robbery statute, we would find that it also has two parts and that in the first part, it has robbery and robbery incorporates a mens rea, but if you move down to the second part of that as well, it does not state a specific mens rea. In that statute ... No, but the part that the second part is accomplished with a deadly weapon or that the victim suffers serious bodily injury. So doesn't that clearly distinguish it from part one that we're talking about here? Well, I believe it reads accomplished with a deadly weapon or by display of any article used or fashion to lead the victim to reason believe it to be a deadly weapon. So I believe that's what the statute reads, but your honor, what we would say is that ... Any robbery accomplished, maybe I have the wrong language, but the language that I have is any robbery accomplished with a real or disguised deadly weapon or that causes serious bodily injury. What your honors is reading ... What your, yes, what your honor is reading is what the court said in gloss, but the actual Tennessee ... I was referring to the actual wording of the Tennessee statute. Your honor is correct. What the court said in gloss is that any aggravated robbery, any robbery accomplished with a real or disguised weapon or that causes serious bodily injury would necessarily involve the use, attempt to use or threaten use of physical force. However, when they were saying that they were talking about different parts of the statute and that wasn't the actual wording of the statute. The actual wording of the statute is that it is deadly weapon or by display of any article used or fashion to lead the victim to reasonably believe it to be a deadly weapon. And as we see there, that second part accomplished with a deadly weapon, similar to the Ohio statute, does not list a mens rea of purposely or knowingly or anything to that extent. However, the accomplished with incorporates action and therefore incorporates a mens rea. And as your honors has pointed out, there's simply no reason to commit a robbery while displaying a firearm, indicating possession of a firearm or using a firearm as not to threaten a person with physical harm. So there would be no other way, no other reason to do that. And so that goes back to ... So you're reading something that is distinct from what the Ohio court has said about the statute into both. Because you say Tennessee does it that way, we're going to read it into here, but you're still left with the problem with Ohio law. That is correct, your honor. And so that would be that, your honor. And additionally, your honor, we believe that this reading of the statute is also because of Ohio law. And we look at Ohio Evans and Ohio v. Harris. In both of those Ohio Supreme Court cases, the court said that Ohio aggravated robbery was equivalent to one of the elements of Ohio robbery. In those cases, they were looking at whether Ohio robbery was a lesser included offense as Ohio aggravated robbery. And in both of those cases, they said that the element here that we're talking about, displaying, brandishing a weapon, they said that that element was equivalent to the element of inflicting physical harm in the robbery statute. So in saying that, they were saying that that element does include a threat to inflict harm. And if we look to the Finley order that was recently put out by the Sixth Circuit and is unpublished at this time, it talks about that the Ohio robbery statute is a threat to inflict, I'm sorry, is a threat of physical force. So they took that element of physical harm and they said that it is a threat of a physical force. And so here, if we go back to the reading of the statute by the Ohio Supreme Court, they have said that this element we're talking about is equivalent to physical harm, which we have now found to be physical force. So that reading itself also tells us that this would be a violent felony. So your honors, for those three reasons, because there's no realistic way to display it, brandish it, or indicate possession of it, or use it in a way that does not inflict physical force, and because the Ohio Supreme Court has said... I thought your argument was that it does not imply a threat to inflict physical force. I'm sorry. That's perhaps the distinguishing factor. Correct, your honors. So because there is no way to do that, that does not imply a threat of physical force, and because the Ohio Supreme Court has said that this element is equivalent to physical harm, which in the new Finley decision, this court has decided is physical force, and because this court found that in United States v. Gloss, that any robbery accomplished with a deadly weapon necessarily involves the use, attempt to use, or threaten use of physical force, we believe that this would be a violent felony under the force clause. What we're doing is, you're now looking to Harris. You're looking to, and earlier, you're looking to... Well, actually, it looks like it and Lester were decided, both decided, in 2009. Harris comes a little bit before Lester, but so obviously the Ohio Supreme Court thought that its analysis of no mens rea and strict liability was compatible with what it had done earlier in Harris, which is not exactly the same thing. So I don't think we can view Harris as in some way supplanting Lester when it's the earlier decided case, and I just don't see how Lester could be any clearer than it is. I mean, I don't want this to be Ohio law. If you were asking for Julia Gibbons on this, Julia Gibbons would say, oh, well, the statute doesn't specify. There's a knowingly requirement. Consequently, no problem. More than recklessness, but I'm not the Ohio Supreme Court. Just stuck with their decisions. Isn't your argument helped a little bit by the McMurray case, which, contrary to Lester, seems to say that the force element is different from as described in Lester, that McMurray does not hold that the force element has to have a mens rea requirement? Yes, Your Honor. It is helped a little bit by the argument. Actually, if you read the two cases together, it becomes a little more of a problem in determining which, where the case law is on this, where McMurray is holding that the use of force clause requires more than reckless conduct. I guess we get into a discussion of whether, you know, accidental conduct and negligence conduct applies in the same way as deliberate, active, violent conduct. You can kind of distinguish these cases, one from the other, if you really try to do that. Yes, Your Honor. We would believe that active conduct is required. However, we do believe that each of the words in that definition and the words in that element do involve action and that they are more than just simply mere possession. Um, McMurray, I was on the panel in McMurray, and McMurray is a Sixth Circuit case, and it deals with the Tennessee statute, so we're sort of back to your argument about analogizing the Tennessee statute to the Ohio statute, right? That is correct, Your Honor. I'd say the import of McMurray is simply to say more than recklessness is required. Yes, Your Honor, which we do agree that more than recklessness is required, and we believe that those words require more than recklessness, along with theft has a purpose in knowingly misdemeanor, and we do believe that to brandish, to display, to indicate possession of, and all those words also require conscious action, Your Honors. Seeing that my time is up, I will take my seat. Thank you, Your Honors. Thank you. Any rebuttal? Just very briefly. First of all, there is a difference in the aggravated robbery statute, the different subsections, and I would argue that, in fact, the way the subsection, the third subsection is written reinforces, I mean, it's written different for a purpose, and I think that the court should weigh that in considering whether force is necessary to commit a violation of the first. Also, I would argue that the second subsection of the aggravated robbery statute doesn't deal with a deadly weapon. It's something entirely different. It's a dangerous ordinance, and we're not dealing with dangerous ordinances in this particular case, Your Honor, so that's really not relevant to the analysis. When you read through Lester, which I think was, it's in one volume subsequent to the Harris case, so it was right almost concurrently, but yet a little bit subsequent. They, in three different spots, come out and say that that they also discuss the intent of the Ohio legislature at the time that that statute was passed, and it's in there that they come to the conclusion that the legislative intent was to make that a strict liability as well, and that is explicitly in their opinion, Your Honors. So for those two reasons, the lack of appropriate mens rea for the important elements that the government wants to rely upon, we're not here because somebody's committing a theft. We're here because someone had a weapon involved in a crime, and that's what the courts are looking at to see whether or not it should be a proper ACCA predicate. Thank you very much for your time. Thank you very much. The case is submitted.